IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RICHARD KEMNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-391 |
| | ) | |
| RIVER BREEZE MOTEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion to Dismiss by Defendant Assistant District Attorney General Garry Chin both Individually and in His Capacity as a State Official" [doc. 22]. No response to the motion has been filed by the plaintiff. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. LR 7.2.

Plaintiff has brought this lawsuit pursuant to 42 U.S.C. § 1983 for alleged violation of his civil rights. The court has determined that oral argument is unnecessary, and the motion is ripe for the court's consideration.

# I.

*Background* [1]

This lawsuit stems from plaintiff's arrest for domestic assault on January 16, 2006, after an altercation with his girlfriend at the River Breeze Motel. Plaintiff claims that he was the one attacked and when he locked his girlfriend out of the room she went to the motel office and faked an injury. The desk clerk called the police who took plaintiff into custody.

On January 19, 2006, plaintiff met with defendant Garry Chin ("Chin") and told him that the charges against him were fabricated and that he would sue him if they were not immediately dismissed. Chin would not discuss plaintiff's case with him. Plaintiff's probable cause hearing was held February 22, 2006, and his girlfriend was subpoenaed to testify. Plaintiff alleges that Chin met with the girlfriend outside the courtroom without his or the girlfriend's attorney and threatened her with falsifying a police report if her testimony differed from what she told the arresting officer. According to plaintiff, his girlfriend wanted to tell the truth about what really happened at the motel but was concerned about having charges placed against her. Apparently, the girlfriend testified consistently with the statement she had given to the police, so plaintiff contends the prosecution had "gotten to this witness." Plaintiff alleged Chin presented "false, coerced, and perjured testimony" to the

---

[1] All of the facts are taken from the amended complaint [doc. 8].

grand jury. On October 4, 2006, the State moved to dismiss the case against the plaintiff, and the state court entered an order dismissing the charges.

## II.

### *Standard of Review*

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)).

## III.

### *Analysis*

### A. Prosecutorial Immunity

Defendant Chin contends that he is entitled to absolute prosecutorial immunity from the damages claims asserted against him in his individual capacity. As a prosecutor,

Chin is entitled to absolute immunity as long as his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "This absolute immunity covers '[a] prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer.'" *Fox v. Van Oosterum*, 176 F.3d 342, 353 (6th Cir. 1999) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997)). Such absolute immunity is recognized sparingly, and the official seeking the immunity has the burden of showing that he is entitled to the protection. *Lomaz v. Hennosy,* 151 F.3d 493, 497 (6th Cir. 1998) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "The Supreme Court has extended absolute immunity to prosecutors only where their challenged acts were performed while serving as an advocate in legal proceedings." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (citing *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)).

In determining whether absolute immunity protects an official for actions alleged to have violated a plaintiff's rights, the court uses a functional approach or analysis. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Lomaz* 151 F.3d at 497. This particular analysis calls for the court to look to the "nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269. "Sixth Circuit precedent has established that the critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) (internal quotation

marks omitted). Absolute prosecutorial immunity does not protect "administrative or investigative acts antecedent or extraneous to the judicial process." *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997).

However, "[a]bsolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously. . . . The decision to prosecute . . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Fox*, 176 F.3d at 353 (quoting *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989)). In *Grant*, the Sixth Circuit held that prosecutors were entitled to absolute immunity from claims that they conspired to knowingly present false charges to the grand jury and failed to investigate facts before and after the indictment. "The immunity also extends to 'failing to disclose exculpatory and other information concerning witnesses, procuring false testimony, failing to correct perjured testimony, causing a conflict of interest for defense counsel, not disclosing that conflict, . . . putting a "spy" in the defense camp, and "covering up" those allegedly unconstitutional actions.'" *Sciance v. Muskingum County*, No. C2-98-1075, 2000 WL 1460076, at *4 (S.D. Ohio Sept. 29, 2000) (quoting *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986)).

The first task for the court is to define the actions of the prosecutor which plaintiff contends are sufficient to create liability. Then the court determines whether the "actions are prosecutorial or investigative in nature to establish whether the prosecutor is entitled to absolute immunity." *Sciance,* 2000 WL 1460076, at *4. The amended complaint

alleges the following concerning Chin.

> Defendant Attorney General Gary Chin, violated the Plaintiff's Due Process rights, by meeting with the witness outside the defendant, or his attorney's or her attorney's presence prior to Court and threatening a subpoenaed witness, to substantially impair, coerce, manipulate, her testimony, and then force the to [sic] the reluctant witness to stand without advising her of her right to remain silent or provide uncoerced and truthful testimony before the Court without fear of prosecution or retaliation, other than offer that perjured testimony with threat of falsifying a police report before a Court of Law and to a Grand Jury to obtain the "true bill" in the underlying cause. Such action [sic] defendant is malicious prosecution of Plaintiff.

Doc. 8, ¶ 55.

The amended complaint alleges that Chin met with plaintiff's girlfriend before the probable cause hearing and told her that if she changed her testimony from what she told the arresting officer she could be charge criminally for falsifying a police report. The amended complaint further alleges that the girlfriend was reluctant to testify but that she felt she had no choice.

The court has reviewed the entire amended complaint and all references to Chin. All of the allegations on which plaintiff appears to base his claims for liability are associated with the judicial phase of the criminal process involving the plaintiff.[2] There are no allegations that Chin was in any way involved with investigating the case or in the arrest of the plaintiff. Chin's activities about which plaintiff complains were all closely associated

---

[2] Several paragraphs in the amended complaint address a meeting plaintiff had with Chin concerning plaintiff's right to appear at his girlfriend's court appearance. These facts are unrelated to plaintiff's criminal case and do not appear to be the basis for any claim of liability.

with the judicial phase of plaintiff's criminal case, and are therefore covered by absolute prosecutorial immunity.

## B. Chin's Capacity as a State Official

Plaintiff also asserts in the amended complaint that Chin was acting in his official position as an Assistant State Attorney General, and he appears to be seeking money damages from Chin on that basis as well. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)); *see also Littlejohn v. Rose,* 768 F.2d 765, 772 (6th Cir. 1985). Thus, the claims asserted against Chin in his official capacity are asserted against the State of Tennessee, and for the reasons set out below cannot stand.

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, the State of Tennessee is not a "person" within the meaning of § 1983. *Will*, 491 U.S. at 64. Therefore, because a suit against Chin in his official capacity is a suit against the State of Tennessee, no § 1983 claim against him can be sustained.

In addition, the Eleventh Amendment bars this suit against Chin in his official capacity. "[T]he Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (citations omitted). This court lacks jurisdiction to hear this suit brought by an individual citizen of the State of Tennessee against the State of Tennessee, i.e., Chin in his official capacity, and there is no showing that the State has waived its immunity from suit in this particular case. Any waiver of immunity to suit by the State must be express and obvious. *See id.* at 473.

Accordingly, for the reasons stated herein, the motion of defendant Chin will be granted, and he will be dismissed from this civil action. An order reflecting this opinion will be entered.


ENTER:


_____s/ Leon Jordan_____
United States District Judge